UNITED STATES of America,
Plaintiff–Appellee,

v.

Kelly L. FALCON, Defendant–
Appellant.

No. 06–30059.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2007.

Filed June 6, 2007.

Timothy Michael Durkin, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Terence M. Ryan, Esq., Nino & Ryan Law Office, Spokane, WA, for Defendant–Appellant.

Before: BRUNETTI, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Kelly Falcon appeals his jury conviction for malicious use of fire to damage property used in interstate commerce in violation of 18 U.S.C. § 844(i). We affirm the judgment. Because the facts are known to the parties, we do not review them here.

■ Falcon claims that the government made three improper comments in its opening statement. Two of the comments were descriptions of the evidence to be presented at trial and were not improper. Insofar as the third comment was improperly argumentative in describing Falcon's actions as stemming from arrogance, the comment was harmless beyond

a reasonable doubt. *See United States v. Lopez,* 469 F.3d 1241, 1245 (9th Cir.2006).

■ The district court did not err in denying Falcon's motion to suppress. Falcon contends that the warrant was overbroad for authorizing the seizure of his entire computer and that the search and seizure exceeded the warrant's scope because the government seized his entire computer. These arguments are foreclosed by *United States v. Wong,* 334 F.3d 831, 836–37 (9th Cir.2003) and *United States v. Hay,* 231 F.3d 630, 636–37 (9th Cir.2000). To the extent that Falcon argues that the district court erred by failing to suppress pornographic computer files discovered by the government because those files were outside the scope of the warrant, this argument is waived because Falcon failed to present it before the district court in support of his motion to suppress. *See United States v. Cormier,* 220 F.3d 1103, 1113 (9th Cir.2000).

Falcon argues that his due process rights were violated by pre-trial prosecutorial misconduct. The district court did not abuse its discretion in ruling on the alleged misconduct. The court granted the only relief Falcon requested, the appointment of additional counsel. Falcon has not shown that the alleged misconduct had an effect on the fairness of his trial. *See United States v. Valenzuela–Bernal,* 458 U.S. 858, 872, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982).

■ Falcon argues that his conviction should be reversed due to the government's use of a sexual photograph in cross-examining Breesnee. The government did not seek a ruling outside the jury's presence pursuant to the court's order in limine requiring the government to seek a

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ruling before alluding to "pornography" seized from Falcon's computer. Because Falcon did not object at trial to the use of the photograph, we review for plain error. Assuming without deciding that the government's use of the photograph was error, in light of the trial as a whole, the claim fails for lack of prejudice. *See United States v. Lam*, 251 F.3d 852, 861 (9th Cir.2001).

The government put on sufficient evidence for a rational trier of fact to conclude that the Wild Horse was a "commercial enterprise" and therefore had "a per se substantial effect on interstate commerce." *United States v. Serang*, 156 F.3d 910, 913 (9th Cir.1998); *see* 18 U.S.C. § 844(i). Falcon's interstate commerce jury instruction claim is also foreclosed by *Serang*, 156 F.3d at 914 & n. 3.

The government did not mischaracterize the insurance evidence during its cross-examination of Breesnee. The alleged improper characterization was an accurate paraphrase of Falcon's insurance expert's testimony.

The government's fire expert did not improperly testify to the ultimate issue of when the fire started. The expert properly testified in the form of an inference as Fed.R.Evid. 704 permits.

In its closing argument, the government did not exceed its "reasonable latitude" in drawing inferences from the evidence in order to describe its theory of how the crime occurred. *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir.1991).

■ The court did not abuse its discretion in admitting evidence of Falcon's financial circumstances. The evidence was relevant because it provided a motive for the arson. *See United States v. Mitchell*, 172 F.3d 1104, 1107–08 (9th Cir.1999).

Falcon was not denied a fair trial due to cumulative error. We have identified only one potential error, with regard to the use of the Breesnee photograph, and it does not on its own require reversal.

■ Finally, we do not find any of Falcon's nineteen ineffective assistance of counsel claims (IAC) to be meritorious. Although we generally do not address IAC claims on direct appeal, review is appropriate here because the record was sufficiently developed in conjunction with Falcon's earlier filed Rule 33 motion for new trial. *See Molina*, 934 F.2d at 1446–49; *United States v. Foreman*, 323 F.3d 498, 502–05 (6th Cir.2003). Based upon the record, the district court was correct in holding that "there is nothing ... to indicate that [Falcon's] legal representation in this case was deficient, nor that any alleged deficiency in any way prejudiced his defense." *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**